UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cr-0153-TWP-DML-1 |
| | ) | |
| THOMAS HESTAND | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
ON PETITION FOR VIOLATION OF SUPERVISED RELEASE**

**I.  Introduction**

Thomas Hestand pleaded guilty to coercion and enticement, a Class B felony, in violation of 18 U.S.C. § 2222(b).  By way of this plea, he admitted to using a computer to solicit sex acts with individuals that included a person he believed to be a 12-year-old girl.  The Court sentenced Hestand to 60 months in prison followed by a term of supervised release.  Hestand completed his prison sentence and began his supervised release on October 13, 2010.

Pending before the Court is a petition alleging Hestand violated the terms of his supervised release.  The petition alleges four violations.  On March 13, 2013, the Court held a hearing on this petition.  At this hearing the United States withdrew alleged Violations 1 and 2. Despite being withdrawn, these alleged violations are relevant background to the matters before the Court and to the United States' request to modify the terms of Hestand's supervised release. In addition to this requested modification, the United States also asked that Hestand be housed at the Volunteers of America for 120 days.

## II.   Background

Hestand is undergoing sex offender counseling at the Indianapolis Counseling Center, which is required by his supervised release. His counselor at ICC is Ken Dickens, but Dickens and Hestand are not getting along well. Hestand, a Vietnam veteran, also has been voluntarily obtaining mental health counseling at the Veteran's Administration.

Violation 1 alleges Hestand refused to sign a medical release to permit his probation officer and ICC counselor Dickens to obtain medical records from Hestand's counselor at the VA. Violation 2 similarly alleges Hestand refused to provide his VA records or sign a release to permit access to these records. Although the United States withdrew Violations 1 and 2, the government asked the Court to modify the terms of his supervised release to require Hestand to release his VA medical records to his probation officer and to counselor Dickens.

Violation 3 alleges Hestand had an oral communication with his neighbor's juvenile daughter without disclosing to her father his conviction for coercion and enticement, as required by the terms of his supervised release. The facts elicited at the hearing reveal that Hestand was responding to his neighbor's request for assistance on a household project when the neighbor's daughter walked by her father and Hestand. The girl said "hello" to Hestand, and he responded "hello." Hestand failed to disclose his conviction to the father as required by the terms of his supervised release.

Violation 4 alleges that Hestand accessed a computer without permission of the probation officer, in violation of the terms of his supervised release. The facts elicited at the hearing revealed that Hestand's 70-year-old stepmother, Sandra Hestand, got a new computer and asked Hestand to help her pay her bills online. She testified her stepson never touched the computer keyboard, but rather merely instructed her how to use the computer to pay her bills.

**III. Discussion**

Given that the United States has withdrawn alleged Violations 1 and 2, there can be no violation of the terms of Hestand's supervised release with respect to those two allegations. Nor does the Magistrate Judge find that the United States has justified its request to modify the terms of Hestand's supervised release. Hestand's supervised release requires him to participate in sex offender counseling, and he is doing so with counselor Dickens at ICC. Probation Officer Patrick Jarosh testified to problems between Dickens and Hestand, and according to Dickens, Hestand is in denial, is defensive, and lacks remorse. Accepting this characterization as true, this does not open the door for the government to require Hestand to involuntarily produce his confidential counseling records from the VA. Hestand sought out VA counseling on his own; he was not required to do so. The VA counseling is mental health counseling, not sex offender counseling.

There was some evidence that Dickens wanted Hestand's VA counseling records to determine whether the VA counseling was meeting Hestand's counseling needs, so as to possibly transfer Hestand's counseling to the VA. But on cross examination, Jarosh admitted that the probation office has never authorized a transfer to VA counseling when a probationer has been in counseling for as long as Hestand. In fact, defense counsel previously contacted Jarosh about transferring Hestand's counseling to a location north of Indianapolis that would be more convenient for Hestand and Jarosh denied that request.

Moreover, defense counsel identified two authorized counseling centers in Anderson, Indiana, where Hestand was willing to pursue sex offender counseling. Hestand offered to release his VA counseling records to the new counseling center and to the probation office if his

counseling was transferred to one of these or another equally convenient and authorized center, but the United States rejected that offer.

Based upon the foregoing, the Magistrate Judge recommends that the United States' request to modify the terms of Hestand's supervised release to require him to produce his VA counseling records to Dickens and the probation office be denied.

With respect to alleged Violation 3, the Magistrate Judge finds that Hestand violated the terms of his supervised release. It is undisputed that Hestand had an oral communication with his neighbor's juvenile daughter without disclosing to her father his conviction for coercion and enticement, as required by the terms of his supervised release. That being said, it is also undisputed that Hestand did not initiate this oral contact, that the communication was limited to responding in kind to a one-word greeting, and that this brief exchange occurred in the presence of the girl's father. The facts elicited at the hearing further show that this exchange occurred when Hestand was responding to his neighbor's request for assistance on a household project.

Under these circumstances, the Magistrate Judge does not believe that sending Hestand to the VOA for 120 days is an appropriate punishment. Rather, the Magistrate Judge finds that it is sufficient that, within 14 days of any adoption of this recommendation, the probation officer notify the father in question of Hestand's prior conviction, though it may be that Hestand has moved residences since that time.

With respect to alleged Violation 4, the Magistrate Judge finds that Hestand violated the terms of his supervised release. Those terms prohibit Hestand from "accessing" any computer without prior written approval by the probation officer or the Court. The fact that Sandra Hestand contends her stepson never physically touched the computer does not change the fact that he was assisting her in navigating the Internet to permit Sandra Hestand to contact a

financial institution and conduct significant business (i.e., paying bills).  Hestand must realize that, when in doubt, he needs to contact his probation officer to ensure that his conduct complies with the terms of his supervised release.  Sandra Hestand's failure to acknowledge and realize that asking her stepson to assist her in this way could cause him to violate his supervised release is seriously misguided.

Nevertheless, accessing a computer in this way does not justify sending Hestand to the VOA for 120 days.  Like Violation 3 involving a communication with his juvenile neighbor, Violation 4 was a single, brief incident that resulted from a third party requesting Hestand's assistance.  Hestand should have declined the request or sought guidance from his probation officer.  But this breakdown does not justify requiring Hestand to spend the next 120 days at the VOA.

Hestand should not understand this recommendation to mean that his violations of the terms of his supervised release are inconsequential.  They are not.  A person with Hestand's criminal background must steer clear of computers to comply with the terms of his supervised release.  This is not the first time the probation office has filed a petition alleging Hestand violated the terms of his supervised release.  On June 30, 2011, the Court verbally admonished Hestand for other violations of his supervised release, though defense counsel pointed out that the Court termed these violations as "technical."

But the Magistrate Judge agrees in general with the Defendant's contention that but for the attempt to modify the terms of Hestand's supervised release via Violations 1 and 2, it is unlikely the United States would have filed this petition.  Nevertheless, it has been filed, and the Magistrate Judge recommends no change in Hestand's conditions of supervised release.  However, as noted, within 14 days of any adoption of this recommendation, the probation officer

shall notify the father in question of Hestand's prior conviction, though it may be that Hestand has moved residences since that time.  The Court expects Hestand to be fully compliant with the terms of his supervised release.  Any future violations of the conditions of Hestand's supervised release will be considered in light of the fact that Hestand has now, on two separate occasions, been found to have violated his supervised release.

IV.     Conclusion.

For the reasons set forth above, the Magistrate Judge recommends no changes in the terms of Hestand's supervised release, and does not recommend that Hestand be sent to the VOA. However, within 14 days of any adoption of this recommendation, the probation officer shall notify the father in question of Hestand's prior conviction, though it may be that Hestand has moved residences since that time.

Dated:  3/22/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Gayle Helart
United States Attorney's Office
gayle.helart@usdoj.com


MaryAnn Totino Mindrum
United States Attorney's Office
maryann.mindrum@usdoj.gov


Monica Foster
Federal Community Defender's Office
monica_foster@fd.org



.