UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:10-cr-0153-TWP-DML-01 |
| | ) | |
| THOMAS HESTAND, | ) | |
| | ) | |
| Defendant. | ) | |

# Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender under Supervision filed on October 7, 2014, and the supplemental petition filed on October 24, 2014 (collectively, "Petitions"). On October 30, 2014, defendant Thomas Hestand appeared in person with his appointed counsel, Monica Foster. The government appeared by Winfield Ong, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Patrick Jarosh.

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583[1]:

1.    The court advised Mr. Hestand of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Hestand questions to ensure that he had the ability to understand the proceedings and his rights.

---

[1]    All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

2. Copies of the Petitions were provided to Mr. Hestand and his counsel, who informed the court they had reviewed the Petitions and that Mr. Hestand understood the violations alleged. Mr. Hestand waived further reading of the Petitions.

3. The court advised Mr. Hestand of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petitions. Mr. Hestand was advised of the rights he would have at a preliminary hearing. Mr. Hestand stated that he wished to waive his right to a preliminary hearing.

4. Mr. Hestand stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petitions. Mr. Hestand executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Hestand of his right to a hearing on the Petitions and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear. Mr. Hestand advised the court that he wanted to admit the violations alleged in the Petition.

6. The court placed Mr. Hestand under oath and directly inquired of Mr. Hestand whether he admitted violations set forth in the Petitions. He admitted the violations.

7. The allegations Mr. Hestand admitted, as fully set forth in the Petitions, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restrictions and Monitoring Program at the discretion of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation** |

> officer of all computers available to him for use.  Any computer or Internet-enabled device the defendant is found to have used wand has not disclosed shall be considered contraband and may be confiscated by the probation officer.  The defendant shall warn other occupants of the existence of the monitoring software placed on his computer.  This condition is to be used in conjunction with the defendant's previously ordered condition of supervised release involving computer use."

On September 18, 2014, a search of the offender's residence was completed.  As a result of the search, the probation officer located an undisclosed cell phone, which was inoperable, but recently purchased by the offender.  A Verizon tablet and a Verizon MiFi Internet device were also discovered.  The tablet and MiFi device were confiscated as contraband as the offender failed to previously disclose them to the probation officer or obtain prior permission to possess them.

2   **"The defendant shall participate in a mental health treatment program at the direction of the probation officer, including treatment for sexual deviancy, which may include polygraph testing."**

On September 29, 2014, the offender was directed to reenroll in sex offender counseling with the Indianapolis Counseling Center (ICC).  On October 16, 2014, the offender contacted ICC and advised he could not attend evening groups, because of his health and he could not afford the fuel to travel to Indianapolis.  On October 21, 2014, this officer directed the offender to re-enroll and attend counseling at ICC; however, the offender indicated he could not do so, citing his health and having to be in bed by 8:00 pm.  This officer informed the offender that ICC had day groups, to which the offender replied he could not afford the fuel cost of traveling to counseling once per week.  This officer again directed him to return to counseling as the probation office was paying for his counseling services and had agreed to change is counselor.  However, the offender stated he could not afford to attend, and this officer would have to do "what he needed to do."  At this time, the offender is not enrolled in a counseling program.

8. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months' imprisonment.

9. The parties recommended a modification of Mr. Hestand's current conditions of supervised release.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that Mr. Hestand violated the conditions in the Petitions, that his supervised release should be modified, and that his current conditions of supervised release be modified to include the following:

a. The defendant shall attend counseling in Anderson, Indiana twice a month at defendant's own expense;

b. The defendant shall not have any unsupervised contact with a minor child unless approved by the Court. Supervised contact with a minor child must be approved in advance by the probation officer;

c. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer; and

d. The defendant shall provide the probation officer access to any requested financial information.

Mr. Hestand is to be released pending the District Judge's action on this Report and Recommendation.

Counsel for the parties and Mr. Hestand entered the above stipulations and waivers after being notified by the undersigned magistrate judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

Any party desiring review has fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings and recommendations of this magistrate judge.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying the terms of Mr. Hestand's supervised release as set forth above.

IT IS SO RECOMMENDED.


Date: November 7, 2014

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal